UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Robert Lee Bailey,                              Civil No. 08-6096 (DWF/SRN)

      Plaintiff,

v.                                              **REPORT & RECOMMENDATION**

Harley G. Lappin,

      Defendant.

---

    Robert Lee Bailey, *pro se*, #11260-041, Federal Correctional Institution – Sandstone, P.O. Box 1000, Sandstone, Minnesota 55072.

    Ana Voss and Mary Madigan, Esqs., United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, Minnesota 55415.

---

SUSAN RICHARD NELSON, United States Magistrate Judge.

    This matter is before the undersigned United States Magistrate Judge on Defendant's Motion to Dismiss [Doc. No. 27] and Plaintiff's Cross-Motion for Summary Judgment [Doc. No. 34]. The matter has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons discussed below, the Court recommends that Defendant's Motion to Dismiss be granted and Plaintiff's Cross-Motion for Summary Judgment be denied.

    **I.    BACKGROUND**

    Plaintiff, a federal prisoner incarcerated at the Federal Correctional Institution at Sandstone (FCI-Sandstone), brings this action against Defendant Harley Lappin, Director of the Bureau of Prisons (BOP) seeking a declaratory judgment that certain of his constitutional rights

have been violated.[1] Plaintiff is serving an aggregated 140-month sentence, with three years of supervised release, for the crime of Transportation of a Person to Engage in Prostitution, in violation of 18 U.S.C. § 2421. Plaintiff's Complaint alleges that Defendant violated Plaintiff's due process rights and the Ex Post Facto Clause of the Constitution by classifying him as having committed a crime of violence pursuant to BOP Program Statement 5162.02, (currently Program Statement 5162.05). (Complaint at ¶ 1). Specifically, Plaintiff claims that, while the Program Statement defines his crime as a crime of violence per se, Plaintiff's presentence investigation report establishes that his actual crime did not involve violence. Because of the classification, Plaintiff claims that local authorities will be notified when Plaintiff is released and Plaintiff is prohibited from being incarcerated in minimum security housing. Plaintiff does not seek damages in this action, only declaratory relief.

Pursuant to 18 U.S.C. § 4042(b), the BOP is required to notify state and local law enforcement officials of the upcoming release of a prisoner, at least five calendar days prior to the release of a prisoner convicted of a drug trafficking crime or a crime of violence. 18 U.S.C. § 4042(b)(1) and (3). Based on that statute, the BOP issued Program Statement 5110.15 for Notification of Release to State and Local Law Enforcement Officials. Citing to the definition of a crime of violence in 18 U.S.C. § 924(c)(3), Program Statement 5110.15 defines a "crime of violence" as a felony that either has as an element of the offense, the use, attempted use, or threatened use of physical force against the person or property of another, or a crime that by its nature involves a substantial risk that physical force against the person or property of another

---

[1] Plaintiff originally initiated this action as a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. This Court recommended that the Petition be dismissed because Plaintiff was not challenging the fact or duration of his confinement [Doc. No. 5]. The Court advised that Plaintiff might be able to seek redress for the issues raised in his Petition by filing a new action as a civil complaint challenging the conditions of his confinement. The Court granted Plaintiff leave to file a new complaint. Plaintiff thereafter filed the instant Complaint [Doc. No. 7].

may be used in the course of committing the offense. Id. Program Statement 5162.05 lists which crimes are considered crimes of violence for BOP policies, including 18 U.S.C. § 2421, Transportation of a Person to Engage in Prostitution. At all times, under both the current and former program statements, Plaintiff's offenses were classified as crimes of violence.

Although Plaintiff only seems to challenge the classification of his offense as a crime of violence, Defendant notes that Plaintiff's crime is also considered a sex offense for purposes of BOP policies. 18 U.S.C. § 4042(c) requires the BOP to provide release and registration information to state and local law enforcement officials five days before a person convicted of certain sexual offenses is released. Id. Program Statement 5141.02, Sex Offender Notification and Registration provides that 18 U.S.C. § 2421 is a sex crime requiring notification. Program Statement 5100.08, relating to the security designation and custody classification of inmates, provides that a Sex Offender Public Safety factor should be applied to an inmate with any offense requiring sex offender notification.

The Security Designation and Custody Classification Manual, Program Statement 5100.08, includes a scale for determining offense severity. Id. The scale states that a sexual offense such as "transportation with coercion or force for commercial purposes" is at the greatest severity level. Id. The BOP initially classified Plaintiff's offense at the greatest severity level. (Mem. in Supp. of Mot. to Dismiss and/or for Summ. J. at p. 4). After a "closer" review of the Presentence Investigation Report, Plaintiff's classification was later changed to a moderate severity level because the report indicated there was no coercion or force used in the offense. (Id.).

## II. DISCUSSION

Defendant seeks to dismiss this action arguing: (1) this Court does not have personal jurisdiction over Defendant; (2) Plaintiff did not exhaust his administrative remedies; (3) Defendant did not have any personal involvement in the classification of Plaintiff; and (4) Defendant is entitled to qualified immunity.

### A. This Court Lacks Personal Jurisdiction Over Defendant

Defendant first argues that this Court lacks personal jurisdiction over him. A court reviews issues regarding personal jurisdiction in the light most favorable to the nonmoving party. Stanton v. St. Jude Medical, Inc., 340 F.3d 690, 693 (8th Cir. 2003) (citing Wines v. Lake Havasu Boat Mfg., Inc., 846 F.2d 40, 42 (8th Cir. 1988)). The plaintiff has the burden of proving personal jurisdiction. Epps v. Stewart Info. Services Corp., 327 F.3d 642, 647 (8th Cir. 2003) (citing Gould v. P.T. Krakatau Steel, 957 F.2d 573, 575 (8th Cir. 1992)). In order to defeat a motion to dismiss for lack of personal jurisdiction, however, the nonmoving party only needs to make a prima facie showing of jurisdiction. Epps, 327 F.3d at 647 (citing Falkirk Min. Co. v. Japan Steel Works, Ltd., 906 F.2d 369, 373 (8th Cir. 1990)). A court may consider matters outside the pleadings on a 12(b)(2) motion to dismiss, without converting the motion into a Rule 56 motion for summary judgment. Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998); Greenbelt Resources Corp. v. Redwood Consultants, LLC, 627 F. Supp. 2d 1018, 1023 (D. Minn. 2008).

This Court has personal jurisdiction over a foreign defendant if the Minnesota state courts would also have jurisdiction. Fed. R. Civ. P. 4(e); Digi-Tel Holdings, Inc. v. Proteq Telecomm., Ltd., 89 F.3d 519, 522 (8th Cir. 1996). Minn. Stat. § 543.19, the state's personal jurisdiction statute, has been interpreted to confer personal jurisdiction over nonresident defendants to the

maximum extent allowed by due process. Dominium Austin Partners, L.L.C. v. Emerson, 248 F.3d 720, 726 (8th Cir. 2001) (citing Valspar Corp. v. Lukken Color Corp., 495 N.W.2d 408, 411 (Minn.1992)).

In order to exercise personal jurisdiction over a nonresident defendant, due process requires that the defendant have "minimum contacts" with the forum state such that maintenance of a suit against that defendant does not offend "traditional notions of fair play and substantial justice." Guinness Import Co. v. Mark VII Distrib., Inc., 153 F.3d 607, 614 (8th Cir. 1998) (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)). The defendant's conduct and connection with the forum state must be such that "he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 580, 62 L. Ed. 2d 490 (1980).

The Supreme Court has ruled that personal jurisdiction may be established either as general or specific jurisdiction. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984); Steinbuch, 518 F.3d 586. A court has specific jurisdiction if the controversy is related to or arises out of the defendant's contacts with the forum state. Johnson v. Woodcock, 444 F.3d 953, 956 (8th Cir. 2006). General jurisdiction exists where the contacts between the defendant and the forum state are "continuous and systematic" even if there is little or no relationship between the contacts and the cause of action. Id. Under either theory of jurisdiction, there must be evidence of some act through which the defendant "purposefully avail[ed] itself of the privileges of conducting activities within [Minnesota], thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958); Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1073 (8th Cir. 2004). To determine if personal jurisdiction exists, the Eighth Circuit has established five factors for a court

5

to consider: (1) the nature and quality of a defendant's contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. Dever v. Hentzen Coatings, Inc., 380 F.3d 1072, 1073 (8th Cir. 2004).

Applying those factors to this case, this Court finds that there is no personal jurisdiction over Defendant Lappin. In his Declaration, Defendant Lappin asserts that he works in Washington, D.C. and he does not reside, work, or own any property in the state of Minnesota. (Decl. of Harley G. Lappin [Doc. No. 30]). As Director of the BOP, Defendant does not have responsibility over the day to day operation and management of BOP facilities, including facilities in Minnesota. (Id.). These statements establish that Defendant does not have a continuous and systematic relationship with the state of Minnesota. Likewise, Defendant states, "I have never had any direct responsibility or involvement in making determinations concerning Plaintiff's classification. (Id.). Therefore, this Court does not have specific jurisdiction over Defendant because the subject matter of the suit does not arise out of contacts between Defendant and the state of Minnesota. Other Courts addressing similar circumstances have likewise concluded that there was no personal jurisdiction. Hill v. Pugh, No. 02-1561, 75 Fed. Appx. 715, 2003 WL 22100960, *3 (10th Cir. Sept. 11, 2003) (holding court did not have jurisdiction over Director of BOP and Regional Director of BOP stating "[i]t is not reasonable to suggest that federal prison officials may be hauled into court simply because they have regional and national supervisory responsibilities over facilities in a forum state."); c.f. Arocho v. Nafziger, No. 09-1095, 2010 WL 681679, *3 (10th Cir. March 1, 2010) (Court had jurisdiction over Director Lappin when evidence showed Lappin was "actively and directly responsible for the denial of the medical treatment recommended for [plaintiff] by prison medical personnel.").

Plaintiff's arguments in response to Defendant's assertion of lack of personal jurisdiction are unavailing. The majority of Plaintiff's arguments address the issue of subject matter jurisdiction (whether the court has jurisdiction over the type of case and the relief sought), not personal jurisdiction (whether the court has jurisdiction over a specific person). Defendant does not dispute that this Court has subject matter jurisdiction over this matter because Plaintiff's claims are based on alleged constitutional violations. Additionally, Plaintiff asserts that this Court should assume that the nature of Defendant Lappin's work as Director of the BOP means Defendant Lappin must have systematic contacts with Minnesota. Plaintiff has not, however, presented any evidence to support this conclusory statement. Without such evidence, Plaintiff has not made out a prima facie case of personal jurisdiction over Defendant and this Court recommends that Defendant's motion to dismiss be granted.

### B. **Defendant's Motion to Dismiss Should Be Granted on the Merits of Plaintiff's Claims**

Even if this Court had personal jurisdiction over Defendant, this Court recommends granting Defendant's Motion to Dismiss because Plaintiff has not alleged the deprivation of any liberty interest and the Ex Post Facto Clause does not apply to Plaintiff's claims.

#### 1. Standard of Review

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must provide "fair notice of the plaintiff's claim and grounds for relief." Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008). A pro se complaint must be construed liberally. Norman v. Schuetzle, 585 F.3d 1097, 1117 (8th Cir. 2009) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)).

On a motion to dismiss, a court must assume that all the facts alleged in the complaint are true and generally construe the complaint in the light most favorable to the plaintiff. Id.; Crooks v. Lynch, 557 F.3d 846, 848 (8th Cir. 2009); Benton v. Merrill Lynch Co., Inc., 524 F.3d 866, 870 (8th Cir. 2008). A court, however, may reject any unwarranted inferences and conclusory or catch-all assertions of law. Elam v. Neidorff, 544 F.3d 921, 926 (8th Cir. 2008).

A motion to dismiss should be granted only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 12(b)(6); Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008), cert. denied, 129 S. Ct. 222 (2008). In recent years, the Supreme Court has clarified the standards a complaint must satisfy to survive a motion to dismiss. To avoid dismissal, a complaint must allege facts which raise more than a speculative right to relief. Benton, 524 F.3d at 870 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). The complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. A complaint cannot simply "le[ave] open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Twombly, 550 U.S. at 562. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do . . . Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 557). The evaluation of a motion to dismiss is ultimately context-specific and "requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

### 2. Fifth Amendment

Due process applies to the BOP through the Fifth Amendment, which provides procedural protection against arbitrary actions of the government which affect an individual's life, liberty or property interest. U.S. Const. Amend V. To establish a due process claim, a plaintiff must demonstrate "some legal entitlement, right or liberty interest that is protected under state or federal law." Peck v. Hoff, 660 F.2d 371, 373 (8th Cir. 1981); see also Rem v. U.S. Bureau of Prisons, 320 F.3d 791, 794 (8th Cir. 2003).

The Eighth Circuit has clearly held that the notification procedure under § 4042(b) "does not constitute a change in legal status that implicates a liberty interest." Rem, 320 F.3d at 794. Nor does Plaintiff have a liberty interest in what level of housing he is assigned. Clark v. Armontrout, 1993 WL 176609, *1 (8th Cir. 1993) (holding due process claim failed because inmate had no constitutional right to a particular prison classification or housing assignment); Freitas v. Ault, 109 F.3d 1335, 1337 (8th Cir. 1997); Freitas v. Ault, 109 F.3d 1335, 1337 (8th Cir.1997) (holding prisoner had no constitutionally protected liberty interest in remaining in a less restrictive prison environment). Because Plaintiff's complaints do not implicate any protected liberty interest, his Fifth Amendment claim fails. Therefore, this Court recommends that Defendant's motion to dismiss be granted and Plaintiff's motion for summary judgment be denied.

### 3. Ex Post Facto Clause

Plaintiff's claim that classifying his conviction as a crime of violence under Program Statement 5162.05 violates the Ex Post Facto Clause likewise fails. The Ex Post Facto Clause prohibits legislative acts that retroactively change the definition of criminal conduct or increase

the punishment for a criminal act. Rem, 320 F.3d at 794 (citing Burr v. Snider, 234 F.3d 1052, 1054 (8th Cir.2000)).

First, Plaintiff has not identified any legislative change that is being applied to him retroactively. While Program Statement 5162.05 was modified in 2007 and 2009, Plaintiff's crime was always classified as a crime of violence under the previous Program Statements. (Defendant's Memo. in Supp. of Mot. to Dismiss and/or for Summ. J. at p. 3 n. 2). Additionally, the Eighth Circuit has held that the notification procedures in 18 U.S.C. § 4042(b) are not punitive and therefore do not implicate the Ex Post Facto Clause. Rem, 320 F.3d at 794. Nor does any change in eligibility for a certain housing designation constitute punishment for purposes of the Ex Post Facto Clause. See e.g. Neal v. Shimoda, 131 F.3d 818, 826 (9th Cir. 1997) (holding state sex offender treatment law did not constitute punishment when law affected inmate's eligibility for favorable housing). Plaintiff's Complaint does not set out a claim for violation of the Ex Post Facto Clause, and therefore, this Court recommends that Defendant's motion to dismiss be granted.

### III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's Motion to Dismiss [Doc. No. 27] be **GRANTED**; and

2. Plaintiff's Cross-Motion for Summary Judgment [Doc. No. 34] be **DENIED**.

Dated: May 20, 2010
                                                   s/ Susan Richard Nelson
                                                   SUSAN RICHARD NELSON
                                                   United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **June 4, 2010,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.